11-3003-ag
Liu v. Holder

BIA
Bain, IJ
A087 462 999

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand thirteen.

PRESENT:
        PIERRE N. LEVAL,
        ROSEMARY S. POOLER,[1]

                    *Circuit Judges.*
_____

REN DUAN LIU,
        *Petitioner,*

        v.                                    11-3003-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:     Troy Nader Moslemi, Moslemi and
                    Associates, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Ernesto H. Molina, Jr.,
                    Assistant Director; Nancy N. Safavi,

_____

[1] Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by two judges.

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ren Duan Liu, a native and citizen of the People's Republic of China, seeks review of a June 29, 2011, order of the BIA, affirming the July 8, 2009, decision of Immigration Judge ("IJ") Quynh Vu Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Ren Duan Liu*, No. A087 462 999 (B.I.A. June 29, 2011), *aff'g* No. A087 462 999 (Immig. Ct. N.Y. City July 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Liu filed his application for relief after May 11, 2005, we apply the credibility standard imposed by the REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109-13, Div. B. 119 Stat 302 (2005). Under that standard, considering the totality of the circumstances, an IJ may base an adverse credibility determination on any

2

inconsistencies or inaccuracies in an asylum applicant's statements without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Where, as here, "the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (Per curiam). We review adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zheng v. Mukasey,* 552 F.3d 277, 284 (2d Cir. 2009). Here, substantial evidence supports the agency's adverse credibility determination.

The agency's adverse credibility determination was based on specific inconsistencies, supported by the administrative record, both within Liu's testimony and between Liu's testimony and his asylum application. In particular, the agency properly concluded that Liu gave inconsistent testimony regarding whether he disclosed to family planning officials where his wife was hiding at the time he was detained and whether he had any contact with

3

family planning officials after his release from detention. A reasonable fact finder would not be compelled to credit Liu's explanation for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The record also supports the agency's finding that while Liu testified that his wife had an IUD inserted after her second pregnancy had been aborted, Liu's written asylum application and his wife's letter omitted this detail. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 "[An] omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency . . . can serve as a proper basis for an adverse credibility determination").

Although Liu argues that the discrepancies were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Id.* at 167.

The IJ's decision is not without flaw, in that the IJ erred in finding that Liu's testimony was inconsistent with his asylum application with respect to whether family planning officials continued to target Liu following his

4

arrival in the United States, but remand would be futile because "there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of Liu's claims for asylum and withholding of removal, as both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5